1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   MICHAEL ALAN DEAN HILL,                    2:25-cv-1472 TLN CKD P
12                  Plaintiff,
13        v.                                     ORDER
14   COUNTY OF EL DORADO, et al.,
15                  Defendants.
16
17
18        Plaintiff is detained at the El Dorado County Jail and seeks relief under 42 U.S.C. § 1983.

19   He proceeds without counsel and requests to proceed in forma pauperis. This matter is referred to

20   the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1).

21   **I.      In Forma Pauperis**

22        Plaintiff's declaration in support of the motion to proceed in forma pauperis makes the

23   showing required by 28 U.S.C. § 1915(a). The motion is granted. By separate order, plaintiff will

24   be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

25   1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee

26   from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be

27   obligated for monthly payments of twenty percent of the preceding month's income credited to

28   plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to

1

1  the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing

2  fee is paid in full. 28 U.S.C. § 1915(b)(2).

3  **II.    Screening Requirement**

4  The court is required to screen complaints brought by prisoners seeking relief against a

5  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

9  **III.    Allegations in the Complaint**

10  Plaintiff alleges he received inadequate medical care at the South Lake Tahoe Jail in June

11  of 2023. (ECF No. 1 at 5.) He alleges the County of El Dorado and its Sheriff's Department

12  contracted with a third-party medical provider known to provide substandard care and failed to

13  train and oversee for the health and safety of pretrial detainees. (Id. at 6.) Plaintiff seeks damages

14  and injunctive relief. (Id. at 11.)

15  Plaintiff saw Dr. Chapman regarding a sore and explained he had several prior staph

16  infections which had resolved with antibiotics. (ECF No. 1 at 8.) Dr. Chapman is only at the jail

17  one day a week and was rushed. He misdiagnosed the sore, stating "it might be a spider bite.

18  Keep an eye on it and if a red streak appears to notify medical." (Id.)

19  Plaintiff went to medical three times a day while the nurse and C/O in medical observed

20  increased swelling and enlarging wound. (ECF No. 1 at 9.) Nurse Jennifer failed to act as

21  instructed to notify the doctor if a red streak developed, suggested cutting off plaintiff's arm with

22  a rusty saw, and mumbled that unfortunately plaintiff wasn't going to die from the infection. (Id.

23  at 9-10.) After multiple days of no treatment, a C/O took plaintiff to medical because he refused

24  to lock down for the night. (Id. at 9.) A different nurse instructed that plaintiff needed to go to the

25  emergency room where he received treatment for staph infection and was told sepsis could have

26  been fatal. (Id.)

27  Back at the jail, Nurse Jennifer harassed plaintiff in front of C/O Clark and refused to

28  change plaintiff's bandage. (ECF No. 1 at 9.) C/O Clark changed the bandage for plaintiff and

2

1  reported Nurse Jennifer, who was terminated. (Id.)

2  **IV.    Discussion**

3        A pretrial detainee may not be subjected to restrictions and/or conditions of confinement

4  that violate an express constitutional guarantee, or that amount to "punishment" under the Due

5  Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535-37 (1979).

6  Under the applicable "objective deliberate indifference standard," a pretrial detainee must

7  establish the following elements: "(1) The defendant made an intentional decision with respect to

8  the conditions [of confinement]; (2) Those conditions put the plaintiff at substantial risk of

9  suffering serious harm; (3) The defendant did not take reasonable available measures to abate that

10 risk, even though a reasonable official in the circumstances would have appreciated the high

11 degree of risk involved—making the consequences of the defendant's conduct obvious; and (4)

12 By not taking such measures, the defendant caused the plaintiff's injuries." Sandoval v. Cnty. of

13 San Diego, 985 F.3d 657, 669 (9th Cir. 2021). To satisfy the third element, the plaintiff must

14 show that the defendant's actions were "objectively unreasonable," which requires a showing of

15 "more than negligence but less than subjective intent—something akin to reckless disregard." Id.

16 (citation omitted).

17       The complaint does not state a claim against El Dorado County Jail or El Dorado County

18 Sheriff's Department. Bare allegations of failure to train and properly oversee medical care at the

19 jail and conclusions that defendants knew or should have known about the substandard care are

20 insufficient. Municipal liability arising from an alleged failure to train jail staff requires

21 allegations showing that the need for more or different training is so obvious, and the inadequacy

22 so likely to result in the violation of constitutional rights, that the policymakers of the city can

23 reasonably be said to have been deliberately indifferent to the need. Rodriguez v. City of Los

24 Angeles, 891 F.3d 776, 802 (9th Cir. 2018).

25       As to the individual defendants, plaintiff alleges Dr. Chapman was rushed and

26 misdiagnosed the sore. (ECF No. 1 at 8.) He alleges in conclusory fashion the "refusal to examine

27 [plaintiff's] wound or test it for [staph] was malpractice[.]" (Id. at 9.) These allegations suggest

28 no more than negligence or a lack of due care when treating plaintiff, which is insufficient to state

3

1  a Fourteenth Amendment claim. <u>See</u> <u>Gordon v. Cnty. of Orange</u>, 888 F.3d 1118, 1125 (9th Cir.

2  2018); <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004) (mere medical malpractice does

3  not establish a constitutional violation).

4        Due to a lack of factual specificity, the allegations against Nurse Jennifer also fall short of

5  stating a claim. Alleged inappropriate comments and a conclusion that defendant failed to follow

6  Dr. Chapman's instructions and notify the doctor if a red streak developed reflect no more than a

7  lack of due care or ordinary negligence when treating plaintiff, which is insufficient to state a

8  Fourteenth Amendment claim. <u>See</u> <u>Gordon</u>, 888 F.3d at 1125; <u>Toguchi</u>, 391 F.3d at 1060.

9  Missing are factual allegations showing that a risk of harm to plaintiff was obvious or should

10  have been obvious to Nurse Jennifer. <u>See</u> <u>Sandoval</u>, 985 F.3d at 669. In other words, plaintiff

11  does not allege what made his condition and need for further medical treatment obvious during

12  any specific encounters with Nurse Jennifer. Plaintiff alleges he had gone to medical three times a

13  day and twice on the day he finally went to the hospital and that even a layperson would have

14  recognized the need for a doctor. However, plaintiff does not allege who examined him on these

15  occasions. The complaint does not make clear who was responsible for the alleged delay or denial

16  of medical care for plaintiff's staph infection, and therefore fails to give fair notice of the

17  Fourteenth Amendment claim against any individual defendant.

18        Plaintiff also does not allege facts showing a risk of harm was obvious or that he was

19  exposed to a substantial risk of harm when Nurse Jennifer refused to change his bandage. The

20  facts alleged about this encounter do not suffice to show the defendant made a decision that

21  placed plaintiff at substantial risk of suffering serious harm, causing plaintiff injuries. <u>See</u>

22  <u>Sandoval</u>, 985 F.3d at 669. Mere conclusions of inadequate medical care, unsupported by specific

23  factual details, do not state a claim. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (threadbare

24  recitals of the elements of a cause of action, supported by mere conclusory statements, do not

25  suffice").

26        The complaint also names many correctional officers and two correctional sergeants as

27  defendants. A plaintiff bringing suit under 42 U.S.C. § 1983 must demonstrate that each named

28  defendant personally participated in the deprivation of his rights. <u>Iqbal</u>, 556 U.S. at 676-77; <u>see</u>

4

also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."). The complaint does not allege how the individual correctional officers or sergeants participated in wrongdoing and therefore does not state a claim against any of them. Accordingly, plaintiff's allegations do not suffice to allege any defendant's conduct amounted to unconstitutional punishment or objective deliberate indifference in violation of Fourteenth Amendment.

### V.    Leave to Amend

It is possible plaintiff could allege additional facts to state a claim for relief, and plaintiff is granted leave to amend these claims. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). This opportunity to amend is not for the purposes of adding new and unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

### VI.    Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

Your complaint is being dismissed with leave to amend because the facts you alleged are insufficient to state a claim against any defendant. You have an opportunity to file an amended complaint containing more specific factual allegations about what each of the defendants did that placed you at substantial risk of suffering serious harm and caused your injuries.

### VII.    Order

In accordance with the above, IT IS ORDERED as follows:

1.   Plaintiff's motion to proceed in forma pauperis (ECF No. 6) is GRANTED.

2.   Plaintiff's complaint is dismissed with leave to amend.

3.   Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint

must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  December 29, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, hill1472.scrn