UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ALAN DEAN HILL,

Plaintiff,

v.

COUNTY OF EL DORADO, et al.,

Defendants.

2:25-cv-1472-TLN-CKD P

ORDER

Plaintiff is detained at the El Dorado County Jail and seeks relief under 42 U.S.C. § 1983. He proceeds in forma pauperis and without counsel. This matter is referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's first amended complaint ("FAC") is before the court for screening. (ECF No. 9.)

**I.      Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

////

1

**II.      Allegations in the FAC**

Plaintiff alleges he received inadequate medical care at the El Dorado County Jail in South Lake Tahoe in June of 2023. (ECF No. 9 at 6-7.) He seeks damages and injunctive relief. (Id. at 9.)

Plaintiff developed a sore/infection on his left wrist and was seen by Nurse Jennifer and Dr. Ross Chapman, who believed it was a spider bite. (ECF No. 9 at 7.) Dr. Chapman instructed Nurse Jennifer to contact him should the infection worsen and if a red line or red streak appeared on the arm. (Id.) A red streak did appear on plaintiff's arm and neither Dr. Chapman nor the nurse provided any medical care. (Id.) In a grievance form attached to the complaint, plaintiff wrote that he showed the red streak to Nurse Jennifer who stated it looked 100% better. (Id. at 18.) Nurse Jennifer commented to plaintiff "we're going to have to cut [off] your arm with a bone saw" and "unfortunately you're not going to die." (Id. at 7.) Plaintiff was taken to the hospital a week after the initial report of infection where it was confirmed the infection was staph and that plaintiff had sepsis which could have been fatal. (Id. at 8.)

Plaintiff also showed his hand and arm to multiple C/Os and Sergeants over the course of several days and told them he needed medical care. (ECF No. 9 at 7.) He alleges the jail has a custom and practice of failing or refusing to provide inmates with adequate medical care. (Id.)

**III.      Discussion**

Plaintiff states a potential Fourteenth Amendment deliberate indifference claim against Nurse Jennifer because the allegations suffice to suggest that a risk of harm to plaintiff was obvious or should have been obvious to Nurse Jennifer and that Nurse Jennifer failed to act, ignoring the risk. See Bell v. Wolfish, 441 U.S. 520, 535-37 (1979); Sandoval v. Cnty. of San Diego, 985 F.3d 657, 669 (9th Cir. 2021).

The FAC does not state a claim against Dr. Chapman. Allegations that Dr. Chapman failed to properly diagnose plaintiff and incorrectly thought plaintiff had a spider bite do not suggest anything more than potential negligence or a lack of due care when treating plaintiff, which is insufficient to state a Fourteenth Amendment claim. See Gordon v. Cnty. of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (mere

2

medical malpractice does not establish a constitutional violation). Conclusions that Dr. Chapman provided inadequate medical care, unsupported by specific factual details, do not state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

The complaint also does not state a claim against El Dorado County Jail or the El Dorado County Sheriff's Department. Municipal liability arising from an alleged failure to train jail staff requires allegations showing that the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need. Rodriguez v. City of Los Angeles, 891 F.3d 776, 802 (9th Cir. 2018). Plaintiff's bare allegation that there exists a custom and practice of not providing adequate medical care at the jail does not suffice to state a claim. See AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (a claim against a local government under 42 U.S.C. § 1983 requires "more than a bare allegation that government officials' conduct conformed to some unidentified government policy or custom").

**IV.     Leave to Amend**

Plaintiff may proceed on the claim against Nurse Jennifer or plaintiff may file a further amended complaint. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). This opportunity to amend is not for the purpose of adding new and unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

**V.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

The court has screened your first amended complaint and it states a deliberate indifference claim against Nurse Jennifer and no other claims. You may proceed on the FAC as screened with only the claim against Nurse Jennifer or file a further amended complaint. You must complete the attached notice and return it to the court within 30 days from the date of this order, along with any

3

optional amended complaint.

**VI.     Order**

In accordance with the above, IT IS ORDERED as follows:

1.  Plaintiff's first amended complaint states a potential deliberate indifference claim against Nurse Jennifer under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(a).

2.  Within thirty (30) days of the date of this order, plaintiff shall complete and return the attached Notice of Election form along with any optional amended complaint.

3.  Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated:  January 27, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, hill1472.scrn.fac

4

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ALAN DEAN HILL,

Plaintiff,

v.

EL DORADO COUNTY JAIL, et al.,

Defendants

2:25-cv-1472-TLN-CKD P

NOTICE OF ELECTION

Check **one**:

_____  Plaintiff wants to proceed on the FAC as screened with a deliberate indifference claim against Nurse Jennifer. Plaintiff understands that by choosing to proceed on only this claim, the court will construe the choice as a request to voluntarily dismiss the additional claims and defendants pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

_____  Plaintiff wants to amend the complaint.

DATED: _____                    _____

Plaintiff

5