UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICAHEL ALAN DEAN HILL,

Plaintiff,

v.

COUNTY OF EL DORADO, et al.,

Defendants.

No.  2:25-cv-1472-TLN-CKD P

ORDER

Plaintiff is a state prisoner proceeding pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983. On March 18, 2026, the court found service of plaintiff's first amended complaint was appropriate for defendant Nurse Jennifer. (ECF No. 12.) Plaintiff was directed to submit documents to the court for service of process by the United States Marshal. (Id.)

Plaintiff has filed two requests for a subpoena duces tecum to serve on non-party WellPath Community Care, LLC, in order to obtain Nurse Jennifer's full legal name so plaintiff can locate and serve the defendant. (ECF Nos. 13, 14.) Plaintiff also asks that he be allowed to request his medical records and various other documents he states are related to the complaint. (Id.)

"A command in a subpoena to produce documents… requires the responding person to permit inspection [or] copying… of the materials." Fed. R. Civ. P. 45(a)(1)(D). If the subpoena commands the production of documents before trial, then a notice and a copy of the subpoena

1

must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Plaintiff has not shown the burden or expense of requiring a non-party to produce his medical records is presently justified by the needs of the case. However, obtaining Nurse Jennifer's full name is relevant and necessary for plaintiff to have process served on the defendant. The burden and expense of producing a document that contains this information should be minimal if Nurse Jennifer can be identified. Thus, the court will grant plaintiff's request in part and send him a subpoena duces tecum (form AO 88B) to complete and return to the court. When completing the subpoena, plaintiff should include as much information as he can about Nurse Jennifer's identity and request production of a document containing defendant's full name. The court will review plaintiff's submission and enter a further order if appropriate.

Accordingly, IT IS HEREBY ORDERED as follows:

1.   Plaintiff's requests to serve subpoenas (ECF Nos. 13, 14) are GRANTED in part.

2.   The Clerk of the Court is directed to send plaintiff a copy of form AO 88B and a copy of form USM-285.

3.   Plaintiff has 30 days from the date of service of this order to complete and return to the court form AO 88B and form USM-285, requesting production of a document containing Nurse Jennifer's full name.

Dated:  June 9, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 hill1472.sbt

2